UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

**DEBORAH GRENIER** and **MARK GRENIER,**
Individually and as Parents and Natural
Guardians of **T.G.,**

        Plaintiffs,                          **Case No.** 5:25-cv-1803 (FJS/ML)

       -against-

                                               **COMPLAINT**

**BOARD OF EDUCATION OF THE FABIUS
POMPEY CENTRAL SCHOOL DISTRICT,
FABIUS POMPEY CENTRAL SCHOOL DISTRICT**

        Defendants.

----------------------------------------------------------------X

Plaintiffs DEBORAH GRENIER and MARK GRENIER, Individually and as Parents and Natural Guardians of T.G. (collectively referred to herein as Plaintiffs), as and for their Complaint against Defendant BOARD OF EDUCTION OF THE FABIUS POMPEY CENTRAL SCHOOL DISTRICT ("Board") and the FABIUS POMPEY CENTRAL SCHOOL DISTRICT (referred to herein as the "District") (collectively "Defendants"), allege as follows:

**PRELIMINARY STATEMENT**

1.      This action is brough pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), which offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all children with physical or intellectual disabilities. *See* 20 U.S.C. § 1401(3)(A)(i).

1

2. At all times herein mentioned, T.G. was a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

3. T.G. is classified under the IDEA as a child with an intellectual disability.

4. On September 3, 2024, Deborah Grenier and Mark Grenier filed a Due Process Complaint ("DPC") against the Defendants, alleging, *inter alia*, that the District denied T.G. a FAPE in the least restrictive environment for the 2024-2025 school year, and that T.G. should remain in a District classroom instead of being placed in the Scaffolding Kids Abilities thought Education ("SKATE") BOCES program operated by the Onondaga Madison Onida BOCES. 20 U.S.C. § 1415(i); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

5. On November 15, 2024, after the conclusion of the due process hearing, IHO Cohen issued a Findings of Fact and Decision ("FOFD") in IHO Case No. 641048, which found in favor of the Plaintiffs.

6. Plaintiffs herein seek an award of reasonable attorneys' fees as part of the costs that may be awarded to the parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted pursuant to the IDEA. *See* 20 U.S.C. §1415(i)(3)(B)(I) and 34 C.F.R. §300.517(a)(1)(i)).

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provisions of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. To the extent, if any, that this case involves questions of Special Education rights under New York State law, the Court has supplemental jurisdiction under 28 U.S.C. §1367.

9. Venue is appropriately placed within the Northern District of New York under 28 U.S.C. § 1391(b), in that Defendants maintain business offices and the school campus is located in Onondaga County in New York State.

## THE PARTIES

10. T.G., a minor, was 16 years old during the 2024-2025 school year.

11. T.G. is a child with a disability, as defined by 20 U.S.C. §1401(3).

12. Plaintiffs Deborah Grenier and Mark Grenier are the Parents and Natural Guardians of T.G., as defined by IDEA, 20 U.S.C. § 1401(23).

13. At all relevant times set forth herein, Plaintiffs resided in the Town of Fabius, NY.

14. Upon information and belief, the Defendants is and was, at all material times, a corporate body created by Article 52 of the New York State Education Law, N.Y. Educ. Law §2550, *et seq.*, that manages and controls the educational affairs of the Fabius-Pompey Central School District Public Schools.

15. Defendants are the local education agency ("LEA") as defined by 20 U.S.C. §1401 and 34 C.F.R. §300.28, and responsible for providing T.G. with a FAPE.

16. New York State and Defendant have established policies and procedures, both written and informal, concerning the implementation of the IDEA and administrative orders issued thereunder.

17. The Defendant receives federal funding pursuant to IDEA. 20 U.S.C. §1412.

18. Because the Defendant receives federal funding pursuant to the IDEA, the Defendant must comply with the statute's provisions.

19. The District's principal place of business is located at 2800 Main Street, in the Town of Fabius, County of Onondaga, and State of New York.

20. Defendants are responsible for providing a FAPE to all students with disabilities, including T.G., who reside in the Fabius-Pompey Central School District, pursuant to the IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with the IDEA.

## STATUTORY AND REGULATORY FRAMEWORK

21. The IDEA seeks to "ensure that all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A).

22. The IDEA defines "FAPE" as special education and related services that:

(A)    have been provided at public expense, under public supervision and direction, and without charge;

(B)    meet the standards of the State educational agency;

(C)    include an appropriate preschool, elementary school, or secondary school education in the State involved; and

(D)    are provided in conformity with the individualized education program required under section 1414(d) of this title.

*See* 20 U.S.C. § 1401(9)

23. A FAPE comprises special education, related services, and academic instruction specifically tailored to meet the child's unique needs, and supportive services sufficient to permit the child to benefit from the academic instruction.

24. To provide a FAPE in compliance with the IDEA, local education agencies must annually develop an "individualized education program" ("IEP") designed to address each child's unique needs. 20 U.S.C. §§ 1412(a)(4) and 1414(d)(2)(A).

25. Under the IDEA, an IEP serves as the primary vehicle for providing a child with the promised FAPE.

26. An IEP is a written statement, prepared for every child with a disability, that sets forth the special education and related services, supplementary aids and services, and program modifications or supports to be provided to the child, or on behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives. 20 U.S.C. § 1414(d).

27. The IEP is developed by an "CSE Team" composed of, inter alia, school officials, parents, teachers, and other persons knowledgeable about the child. 20 U.S.C. § 1414(d)(1)(B).

28. Procedural and or substantive inadequacies of the proposed or recommended IEP may result in the denial of a FAPE.

29. If a parent disagrees with a proposed or implemented IEP, that "parent or school district may file a due process complaint with respect to any matter relating to the identification, evaluation or educational placement of a student with a disability, or a student suspected of having a disability, or the provision of a free appropriate public education to such student." 8 N.Y.C.R.R. § 200.5(i)(1).

30. Pursuant to 20 U.S.C. Section § 1415(i)(3)(B), parents who are the "prevailing party" in an impartial hearing or its appeal are entitled to payment of their reasonable legal fees.

**FACTUAL BACKGROUND**

32. On September 3, 2024, Deborah Grenier and Mark Grenier commenced an impartial due process hearing on behalf of their child, T.G. by filling a DPC against the Defendant,

5

alleging, *inter alia*, that the District denied T.G. a FAPE in the least restrictive environment for the 2024-2025 school year, and that T.G. should remain in a District classroom instead of being placed in the Scaffolding Kids Abilities thought Education ("SKATE") BOCES program operated by the Onondaga Madison Onida BOCES. 20 U.S.C. § 1415(i); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

33. The Plaintiffs' administrative DPC was designated as IHO Case No. 641048.

34. The administrative trial-level Impartial Hearing Officer Diane Cohen, Esq. ("IHO Cohen") was appointed to adjudicate the DPC relative to T.G.'s 2024-2025 extended school year in IHO Case No. 641048.

35. An impartial due process hearing on the merits was held for the Plaintiffs on October 18, 2024, October 21, 2024, October 25, 2024, and October 28, 2024.

36. On November 15, 2024, after the conclusion of the due process hearing, IHO Cohen issued a Findings of Fact and Decision ("FOFD") in IHO Case No. 641048, which found in favor of the Plaintiffs. *See* Exhibit 1, pages 001-0023, copy of IHO Cohen's November 15, 2024, FOFD.

37. In the FOFD dated November 15, 2024, IHO Cohen found that the Defendant failed to provide T.G. a FAPE for the 2024-2025 school year, and that:

> I THEREFORE ORDER that the CSE shall promptly convene and recommend an appropriate program in the District's high school to include (unless otherwise agreed by the parties) special education teacher services for academic subjects and mainstreaming for non-academic classes, electives and other periods of the day. In addition, the CSE shall recommend all other appropriate supports and services. The Student shall attend that program unless and until the CSE makes a new recommendation as ordered below." IHO Cohen further ordered :
>
> I FURTHER ORDER that if the District locates a program inside or outside the District, the CSE shall consider it. If the CSE believes that it would meet the Student's needs, including appropriate grouping and with appropriate mainstreaming, the CSE may place it on the IEP if the Student is accepted into the program. If the Parents disagree with it, they can then request a further hearing. As I have found that the SKATE program is inappropriate, the CSE shall not

6

recommend that program. The CSE shall at all times consider the perspective of the Parents.

*Id*.

38. Neither party appealed IHO Cohen's November 15, 2024, FOFD.

38. IHO Cohen's November 15, 2024, FOFD in IHO Case No. 641048 is the final order regarding T.G.'s claims for the 2024-2025 school year.

39. From January 2025 through October 2025, Plaintiffs, through undersigned counsel, attempted, in good faith, to negotiate settlement of these fees with the District in order to avoid the instant complaint filing; however, negotiation was unsuccessful.

## AS AND FOR A CAUSE OF ACTION

40. Plaintiffs repeat, reiterate, and reaffirm each allegation set forth above as if more fully set forth herein.

41. In any action or proceeding brought under the IDEA, a court may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

42. Plaintiffs initiated an impartial hearing on behalf of T.G.

43. Plaintiffs prevailed at the impartial hearing by obtaining an Order from the IHO that ordered relief demanded in Plaintiffs' DPC.

44. Plaintiffs were at all times referenced herein, represented by Tully Rinckey PLLC, a law firm experienced in representing disabled students and their families in administrative and judicial proceedings brought under the IDEA.

45. Plaintiffs, by reason or the foregoing, have obtaining substantial relief, and they are the "prevailing party" entitled to payment of their reasonable legal fees and costs pursuant to 20 U.S.C. §1415(i)(3).

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

(i) Assume jurisdiction over this action;

(ii) Accept and review the administrative record, as necessary and appropriate;

(iii) Take such additional evidence as it determines as necessary and proper;

(iv) Award to Plaintiffs their costs, expenses, and attorneys' fees for the administrative proceedings in the matter of T.G. (IHO Case No. 641048) pursuant to 20 U.S.C. § 1415;

(v) Award to Plaintiffs their costs, expenses, and attorneys' fees for the work commenced after Plaintiffs were declared the "prevailing party" and before the commencement of the instant fee petition;

(vi) Awarding Plaintiffs statutory costs, expenses, and attorneys' fees for the work performed specific to this instant action pursuant to 20 U.S.C. § 1415;

(vii) Ordering such other, further, and different relief as may be appropriate under the IDEA;

(viii) Granting such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated: December 23, 2025
Latham, New York

Respectfully Submitted,

*/s/Matthew P. Ricci*
Matthew P. Ricci, Esq.
Senior Associate
NDNY No.: 701971
Tully Rinckey PLLC
1203 Troy-Schenectady Road,
Suite 101
Latham, New York 12110
Tel. (518) 218-7100

8